

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2002

# Bronson v. Demming

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2461

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bronson v. Demming" (2002). *2002 Decisions.* Paper 763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-2461 & 01-2430

_____

PURCELL BRONSON

Appellant in no. 00-2461

v.

NORMAN DEMMING; JOHN GRUTKOWSKI; D. JONES; PROGRAM REVIEW
COMMITTEE; ATTORNEY GENERAL OF PENNSYLVANIA

Appellees

_____

PURCELL BRONSON

Appellant in no. 01-2430

v.

NORMAN DEMMING; CHET BEGGS; JOHN GRUTKOWSKI; DAVID BARASCH

Appellees

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(00-CV-0141 & 00-CV-1019)
District Judge:  The Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 1, 2002

Before: SLOVITER and FUENTES, Circuit Judges and FULLAM*, District Judge

(Opinion Filed: November 22, 2002 )

* The Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

———————————————

OPINION OF THE COURT

———————————————

FUENTES, Circuit Judge:

Petitioner Purcell Bronson appeals the District Court's denial of his petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2241(c)(3). In his petitions, Bronson alleged that his constitutional rights were violated by his confinement in the Restrictive Housing Unit at the State Correctional Institution at Dallas, Pennsylvania. Because we agree with the District Court that petitioner's claims are not cognizable in a habeas corpus action, we affirm.

## I. Facts and Procedural Background

The factual allegations underlying this case are well known to the parties, and therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. Petitioner brought two pro se petitions for writs of habeas corpus in the United States District Court for the Middle District of Pennsylvania. In his petitions, Bronson challenged the constitutionality of two administrative decisions, each made after an administrative hearing was conducted, which resulted in his confinement to administrative custody in the Restricted Housing Unit (RHU) under disciplinary conditions of confinement. In each of the petitions Bronson alleged that he was confined in the RHU in disciplinary conditions in violation of his constitutional rights. Specifically Bronson alleged that he was not allowed representation, witnesses in his defense, or an impartial hearing tribunal prior to his confinement in the RHU

-2-

and that the confinement decision was made in retaliation for legal activities he undertook against prison officials. He also alleged that his confinement for 6 years is so atypical as to create a liberty interest subject to due process. Based on these allegations, Bronson asserted claims under the First, Eighth, and Fourteenth amendments.

Both cases were referred to a United States Magistrate Judge for a report and recommendation. The Magistrate Judge issued a separate report addressing the merits of each of the petitions, noting that the allegations of the second petition are similar to those of the first except that, in the latter case, petitioner alleged that he had exhausted his state court remedies. The Magistrate Judge recommended that both petitions be dismissed. The District Court entered a memorandum opinion in each case, adopting the Report and Recommendation of the Magistrate Judge and denying petitioner's objections. The District Court noted that its dismissal of the habeas corpus petitions was without prejudice to petition's right to reassert his claims in the context of a properly filed civil rights complaint. Bronson filed motions for reconsideration of the denial of both his petitions. The District Court denied his motion for reconsideration of the denial of his earlier filed petition for writ of habeas corpus. Bronson then filed a notice of appeal from the District Court's orders denying his petition for writ of habeas corpus and his motion for reconsideration. Bronson also filed a motion for reconsideration of the denial of his later filed habeas corpus petition, which he subsequently withdrew. Bronson then filed a notice of appeal from the District Court's order denying his later filed habeas corpus petition. This Court consolidated the appeals, appointed counsel to

represent appellant and issued a certificate of appealability on the issue of whether petitioner's claims are cognizable in a habeas corpus action.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under 28 U.S.C. § 2241. We have appellate jurisdiction under 28 U.S.C. § 1291.

This Court applies a plenary standard of review when the district court dismisses a habeas corpus petition based on its review of the record and does not conduct an evidentiary hearing, as in this case. See Everett v. Beard, 290 F.3d 500, 507 (3d Cir. 2002).

## III. Discussion

Bronson asserts on appeal that he may properly challenge the conditions of his confinement by seeking habeas relief. In the alternative, Bronson asserts that, should this Court hold that his claims lie in § 1983, the proper remedy is to remand the case to District Court with an instruction to construe the petition as a civil rights complaint. Respondents assert that this case is factually similar to Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) in which we held that unless a claim would fall within the "'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983." Id. at 544. Respondents assert that this Court should not remand the case to District Court with an instruction to treat the petition as a civil rights action because Bronson has extensive litigation experience and chose to bring a habeas action in order to circumvent the three strikes provision of the Prisoner Litigation Reform Act of 1995, 28

U.S.C. § 1915(g), which would bar him from bringing a § 1983 action without the payment of fees.

In Leamer v. Fauver, the plaintiff brought suit under § 1983, complaining of his placement in a Restricted Activities Program as a result of his inability to progress in therapy while being denied the ability to attend therapy because of the status assigned to him. Under the terms of his sentence, he was to receive specialized treatment for his physical and mental problems and be released only when he was capable of making an acceptable social adjustment in the community. The District Court dismissed plaintiff's complaint because it understood plaintiff to be implying that his sentence was longer than it should have been and therefore concluded that relief could only be sought through a writ of habeas corpus. We reversed based in part on our conclusion that plaintiff was challenging the conditions of his confinement and that such a challenge was properly brought under § 1983. We reasoned that a favorable determination on plaintiff's claim would not necessarily mean that he would serve a shorter sentence and, therefore, plaintiff's claim could not be brought as a petition for habeas relief.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court explained that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement[.]" Id. at 490. The Court further noted that prisoners' claims relating to "the States' alleged unconstitutional treatment of them while in confinement" are more appropriately presented pursuant to § 1983. Id. at 499.

In <u>Leamer v. Fauver</u>, we explained the Supreme Court jurisprudence concerning the distinction between the availability of § 1983 relief and the availability of habeas relief as follows:

> whenever the challenge ultimately attacks the "core of habeas"–the validity of the continued conviction or the fact or length of the sentence–a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

288 F.3d at 542. In this case, Bronson wishes to be released from one type of confinement to another. No matter what the outcome of Bronson's habeas petition, neither the fact nor the length of his incarceration will be affected. Habeas relief is therefore unavailable.

Finally, we reject Bronson's requests to remand the habeas cases to the District Court to be treated as complaints filed pursuant to § 1983. In their opposition brief, respondents asserted that, if the Court remands with instructions to treat Bronson's habeas petitions as complaints under § 1983, Bronson would still be subject to the provisions of the Prisoner Litigation Reform Act of 1995, including the three strikes provision of 28 U.S.C. § 1915(g), and the exhaustion requirement. Respondents claim that Bronson attempted to circumvent these provisions by filing the instant matters as habeas actions. Bronson's failure to offer a response to these claims leads us to conclude that remand would be pointless.

IV. <u>Conclusion</u>

-6-

After carefully considering the arguments discussed above and all other arguments advanced by the petitioner in support of his assertion that the District Court erred in denying his petition for writ of habeas corpus, we affirm the District Court's decision and dismiss Bronson's petition without prejudice to any right he may have to assert his claims in a properly filed civil rights complaint.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

 /s/ Julio M. Fuentes

Circuit Judge